IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN SCHEPIS | : | CIVIL ACTION |
| | : | |
| | : | NO.  03-cv-05970 |
| v. | : | |
| | : | |
| RAYLON CORPORATION, et al. | : | |

MEMORANDUM OPINION AND ORDER

GOLDEN, J.                                                                                                September 26, 2006

      Plaintiff Kathleen Schepis has brought suit under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act (PHRA) against her former employer Raylon Corporation, alleging that she lost her job after an episode of *quid pro quo* sexual harassment by an executive of one of Raylon's major suppliers, co-defendant L'Oreal USA.  Both Raylon and L'Oreal moved for summary judgment on Schepis' claims, asserting that she failed to make a *prima facie* case of harassment or to rebut the legitimate, nondiscriminatory reasons provided for her dismissal.  The lone individual defendant and the L'Oreal executive on whom the harassment claim centers, David Craggs, joined L'Oreal in its motion and also offered an argument for summary judgment on Schepis' PHRA claim against him.  Schepis, in turn, moved for partial summary judgment on the questions of whether she was an employee of L'Oreal as well as Raylon, and whether L'Oreal is strictly liable to her for the behavior of defendant Craggs.  For the foregoing reasons, all of these motions for summary judgment are denied.

1

A.  **Factual Background**

The facts of the case are disputed, but the parties agree to the following: in 2001, Schepis had a brief career as a L'Oreal Sales and Education Coordinator for Raylon, a Berks County corporation which serves as a distributor of L'Oreal products. In her position, Schepis traveled to regional salons to teach salon employees how to properly use L'Oreal products.

At L'Oreal's invitation, Schepis attended the Tour de Force national sales conference in West Palm Beach, Florida from October 2-5, 2001. On the evening of October 3, Schepis and David Craggs, President of the Professional Products Division of L'Oreal USA, were seated at the same table during the "Dress for Success" dinner. After the dinner, Schepis and Craggs, in the company of another conference attendee and her friend, left the conference site and traveled to two local night spots, parting ways in the early hours of October 4.

Schepis claims that Craggs made several sexual advances over the course of their evening together, which she rebuffed. Schepis claims that in retaliation for her rebuff, Craggs used his leverage as a Raylon supplier to have her fired from her job. Raylon terminated Schepis' employment shortly after her return from Florida, on October 25, 2001.

In contrast, Craggs denies that he behaved inappropriately with Schepis, asserting that she was the predatory party during their evening in Florida. Craggs and both business co-defendants deny that Craggs played any role in Schepis' discharge from Raylon. They maintain that Raylon released Schepis because of legitimate concerns over her performance and professional behavior.

B.  **The Standard for Summary Judgment**

Summary judgment is appropriate only when "the pleadings, depositions, answers to

2

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" only if its existence or non-existence would affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). An issue of fact is "genuine" only when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact. *Id.* In determining whether there exist genuine issues of material fact, all inferences must be drawn, and all doubts must be resolved, in favor of the non-moving party. *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 264 F.3d 302, 305-06 (3d Cir. 2001) (citing *Anderson*, 477 U.S. at 248). A court may not grant summary judgment if "the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**C.  Defendants' Motion for Summary Judgment**

Defendants Raylon, L'Oreal, and David Craggs have moved for summary judgment, asserting that there are no material facts at issue in the case. They claim that Schepis has failed to make an adequate *prima facie* claim of sexual harassment, or, alternatively, that she has failed to adequately rebut the legitimate, non-discriminatory reasons offered for her dismissal.

To make a claim for *quid pro quo* sexual harassment, a plaintiff must establish that "his or her response to unwelcome advances was subsequently used as a basis for a decision about compensation, [terms, conditions, or privileges or employment]." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000) (quoting *Robinson v. City of Pittsburgh*, 120 F.3d 1286,

1297 (3d Cir. 1997).  At the summary judgment phase, the Third Circuit authorizes a "quite broad" analysis of the causal link between the alleged harassment and the subsequent employment decision.  *Id.* at 283.  The court must draw inferences in favor of the non-moving party, and consider circumstantial evidence.  *Id.*  The plaintiff's own statements, the relatively close timing of the alleged events and the termination of her employment, and inconsistencies within the employer's asserted reasons for the firing, are all forms of circumstantial evidence that the court can consider in deciding a motion for summary judgment in a *quid pro quo* case.  *Id.* at 285-286.

In this case, Schepis' statements in her deposition create a genuine issue of material fact regarding the events of October 3 and 4, 2001.  Moreover, the close proximity of the alleged harassment and Schepis' discharge from Raylon, which took place just 20 days after her return from Florida, is circumstantial evidence of unlawful termination.  Finally, there are inconsistencies within Raylon's justifications for firing Schepis.  Raylon claims that it fired Schepis for unprofessional behavior and a number of office policy infractions, including late submission of expense reports and abuse of corporate credit cards.  Nonetheless, just weeks before her termination, Raylon sent Ms. Schepis to an elaborate, out-of-state professional development event sponsored by an important supplier.  Raylon's choice is inconsistent with Schepis' alleged professional shortcomings.  Thus, these pieces of circumstantial evidence permit Schepis to build a *prima facie* case of sexual harassment.

Under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and related cases, once the plaintiff has made a *prima facie* case of discrimination, the burden then shifts to the defendant to offer a legitimate, non-discriminatory reason for an

4

employees' dismissal. *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 647-38 (3d Cir. 1993). Raylon, L'Oreal, and Mr. Craggs easily bear this burden, citing tardiness, deficiencies as a teacher, and the office policy infractions described above.

With the defendants' burden met, the burden shifts back to the plaintiff to show by a preponderance of the evidence that the defendants' proffered reasons for the firing are pretextual. *Id.* The plaintiff may prove pretext either through direct evidence, or by showing that the defendant's reasons lack credibility. *Id.* A plaintiff is not required to refute each of a defendant's rationales for dismissal at the summary judgment stage; rather, if he or she can "cast substantial doubt on a fair number of them", the complaint will survive a motion for summary judgment. *Fuentes v. Perskie*, 32 F.3d 759, 764 at n.7 (3d 1994).

Here, the court returns to Raylon's decision to send an allegedly inadequate employee to a conference as a corporate representative just prior to her dismissal. It is peculiar that the company would invite a woman known for unprofessional behavior to dinner with a leading executive of a major supplier, or that the company would authorize an extended trip for an employee known to be unable to complete expense reports or to manage corporate credit cards. Disconnections between an employer's alleged dissatisfaction with an employee's performance and that employee's continued access to job-related perks and opportunities are the kind of inconsistencies that permit *quid pro quo* harassment claims to survive motions for summary judgment. *See Farrell*, 206 F.3d at 285; *Pergine v. Penmark Mgmt. Co., Inc.* 314 F.Supp. 2d 486, 489 (E.D. Pa. 2004).

The court recognizes that there are many inferences that might be drawn from the circumstantial evidence above, but the law requires that the evidence be construed in the light

most favorable to the non-moving party at the summary judgment stage. *Id.* at 286. Thus, the court finds that there are genuine issues of material fact in this case, and defendants' motion for summary judgment is DENIED.

### D. Defendant David Craggs' Argument for Summary Judgment under the PHRA

Craggs made an additional argument, asking the court to dismiss the PHRA claim against him because, he argues, the plaintiff cannot show that he "aided and abetted" in an unlawful discriminatory practice. A PHRA claim for aiding and abetting requires that a plaintiff show that a defendant participated in or compelled discriminatory conduct. *Wilson v. Children's Museum of Pittsburgh*, 2006 U.S. Dist. LEXIS 28978 *7 (W.D. Pa. 2006)(citing *Dici v. Commonwealth*, 91 F.3d 542 (3d Cir. 1996)). The defendants correctly point out that compelling discriminatory conduct by another is different than personally committing harassment, and that only the former is actionable under the PHRA's aiding and abetting language. *Dici*, 91 F.3d at 553. However, Ms. Schepis accuses Mr. Craggs of *both* harassing her (Compl. ¶ 25) *and* compelling Raylon to fire her unlawfully. (Compl. ¶ 34.) Thus, her claim under the PHRA is still viable, and Mr. Craggs' motion for summary judgment is DENIED.

### E. Plaintiff Kathleen Schepis' Motion for Partial Summary Judgment

Schepis seeks a judgment from this court, prior to trial, that she was an employee of both Raylon and L'Oreal. She grounds this proposition in the working relationship between Raylon and L'Oreal, and the frequency of her interactions with L'Oreal staff members, who she claims as additional supervisors. The plaintiff also moves for partial summary judgment on the issue of

L"Oreal's vicarious liability for the behavior of Craggs. Construing all of the facts in favor of the non-moving party, the court finds that there are genuine issues of material fact concerning the nature of Schepis' relationship with L'Oreal; therefore, the plaintiff's motion for partial summary judgment on these point is DENIED.[1]

There are two theories that can support an employee's claim that she worked for two employers. The Third Circuit has outlined separate, multi-factor tests to determine whether an individual is a joint employee of two enterprises, or whether two enterprises function as a single employer for all intents and purposes. Schepis' motion for summary judgment does not explicitly state under which theory she proceeds; however, her motion fails under either theory.

Applying Supreme Court precedent, the Third Circuit stated that joint employers are those who "share or co-determine those matters governing essential terms and conditions of employment." *NLRB v. Browning-Ferris Indus.*, 691 F.2d 1117, 1124 (3d Cir. 1982) (citing *Boire v. Greyhound Corp.*, 376 U.S. at 481). Among the matters co-determined by joint employers are employee salaries, employee schedules, forms of supervision, and criteria for hiring and firing. *Id.*

In her short discussion of the relationship between Raylon and L'Oreal, Schepis indicates that she had frequent discussions with L'Oreal employees, and that she conducted workshops at some salons at L'Oreal's express request. Schepis further claims that L'Oreal trained her for her

---

[1] Notably, at an earlier stage in this litigation the defendants L'Oreal and David Craggs moved the court to dismiss Schepis' claim, asserting that Schepis could not adequately plead that she was ever a L'Oreal employee. This court denied the defendants' motion to dismiss on August 24, 2004, holding that the plaintiff could bring a claim under Title VII and the PHRA without proving that a direct employment relationship with L'Oreal existed.

position, and provided the products and scripts that shaped her work.  Nonetheless, the record does not indicate unambiguously that L'Oreal shared daily supervision of Schepis with Raylon, participated in her selection or her firing, or helped to set her salary and overall schedule. Therefore, the court cannot grant summary judgment on the question of Schepis' employment under a joint employer theory.

Schepis' motion fares no better under a single employer standard.  The Third Circuit instructs that a "single employer" exists "where two nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a 'single employer.'" *Id.* at 1122.  The factors that point to single employer status for two entities include "1) functional integration of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership." *Id.* at 1122 (citing *Radio Union v. Broadcast Service of Mobile*, 380 U.S. 255, 256 (1965)).  Although Raylon and L'Oreal have a thriving business relationship, the record does not establish that their operations are integrated or their labor relations centrally controlled; furthermore, the ownership and management teams of the companies are distinct.  Thus, Schepis' motion for partial summary judgment on the question of her employment relationship with L'Oreal is DENIED.

Given that there are still issues of material fact about the plaintiff's employment relationship with L'Oreal that require resolution, the court also declines to order that the defendants are strictly liable to Schepis.  Certainly, an employer can be held vicariously liable for the harassing actions of a supervisor.  *Faragher v. City of Boca Raton*, 524 U.S. 775, 780 (1998). But because Schepis has not yet established that she was an employee of L'Oreal or that Craggs was her supervisor, the court will not enter a premature, partial summary judgment that L'Oreal

8

would be vicariously liable for Craggs' behavior.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN SCHEPIS | : | CIVIL ACTION |
| | : | |
| | : | NO. 03-cv-05970 |
| v. | : | |
| | : | |
| RAYLON CORPORATION, et al. | : | |

AND NOW, this 26th day of September, 2006, upon consideration of the motions for summary judgment by defendants Raylon, L'Oreal, and David Craggs, and the motion for partial summary judgment by plaintiff Kathleen Schepis, it is hereby ORDERED that:

1. The motion for summary filed by defendants L'Oreal USA and David Craggs (Document # 34) is DENIED;

2. The motion for summary judgment filed by defendant Raylon Corporation (Document # 35) is DENIED;

3. The motion for partial summary judgment filed by plaintiff Kathleen Schepis (Document # 33) is DENIED.

BY THE COURT:


s/s Thomas M. Golden

THOMAS M. GOLDEN, J.